UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PAULA FENTANES LOPEZ #A221-468-871** | **CASE NO.  6:26-CV-00333 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN SOUTH LOUISIANA I C E PROCESSING CENTER ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Pending before the Court is Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction [Doc. No. 3], and a Motion for Order to Show Cause [Doc. No. 2] filed by Petitioner, Paula Fentanes Lopez ("Petitioner"). After carefully considering Petitioner's filings and the applicable law, the Motions are **DENIED**.

**I.     Background**

Petitioner is a citizen and national of Mexico.[1] She was detained in Tennessee pursuant to 8 U.S.C. § 1225(b)(2), on November 7, 2025, during an Immigration and Customs Enforcement ("ICE") operation that did not target her.[2] She has remained in custody since that date and is currently detained at the South Louisiana ICE Processing Center.[3] Petitioner has lived in the United States since her first and only date of entry into the U.S. in 2004.[4] On January 7, 2026, an immigration judge denied Petitioner bond pursuant to *Matter of Yajure Hurtado*.[5] Petitioner has no criminal

---

[1] [Doc. No. 3, p. 1].
[2] [Id.].
[3] [Id. at p. 2].
[4] [Id. at p. 1].
[5] [Id. (citing 29 I&N Dec. 216 (BIA 2025))].

convictions.[6] Petitioner's immigration removal case is now before the Immigration Court in Oakdale, Louisiana, since ICE transferred Petitioner outside of Tennessee.[7]

## II. Law and Analysis

### A. Temporary Restraining Order and Preliminary Injunction

Federal courts may issue a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

Rule 65 also vests federal courts with the authority to issue preliminary injunctions. *See id.* But it does not say when courts may issue them. In *Winter v. Nat. Res. Def. Council, Inc.*, the Supreme Court laid a four-part test that lower courts must follow when considering whether to issue a preliminary injunction. 555 U.S. 7 (2008). Parties "seeking a preliminary injunction must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, *and* (4) that an injunction is in the public interest." *Id.* at 20 (citation modified).

The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively

---

[6] [Id. at p. 2].
[7] [Id. at p. 3].

resolve legal disputes." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final merits question.

Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. *Id.* at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 or the *Winter* factors, it is implicit in the "irreparable harm" prong. Courts sometimes describe irreparable harm as those injuries, which "cannot be undone through monetary remedies." *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984) (citation omitted). But that is only one side of the coin. Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974); *see also* Samuel L. Bray, *The Purposes of the Preliminary Injunction*, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." *Callaway*, 489 F.2d at 573.

Here, Petitioner seeks the same relief in her underlying habeas petition and her Motions for preliminary relief—release from ICE custody or in the alternative a bond hearing because she argues she should be detained under 8 U.S.C. § 1226.[8] Liberty is inarguably the most paramount natural right. And true, the Fifth Circuit has held even momentary loss of a right constitutes irreparable injury. *Opulent Life*

---

[8] [Doc. No. 6, p. 17]; [Doc. No. 3].

*Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (citation omitted) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). But context matters. In *Opulent Life Church*, the plaintiff leased property for a new church but was denied a renovation permit by the defendants. *Id.* at 283. In finding the defendant's act caused irreparable harm, the Fifth Circuit noted that the plaintiff "will lose its lease if it is not allowed to operate in its leased property." *Id.* at 297. So, a final ruling on the merits would be too little, too late. Again, the inquiry is whether something suggests a final ruling would not grant the plaintiff the prayed-for relief. *See Callaway*, 489 F.2d at 573.

Petitioner cannot show either that she faces imminent removal or the existence of something else that would make a favorable ruling on the habeas petition too little, too late. Under the irreparable harm prong in her argument, Petitioner alleges that the "deprivation of an alien's liberty is, in and of itself, irreparable harm."[9] As such, Petitioner's Motions fail because an assertion of unlawful detention, without evidence of imminent removal or other circumstances rendering habeas relief ineffective, is insufficient to show irreparable harm.

The Court notes that these findings may change. If Respondents' actions change Petitioner's circumstances such that the Court could not eventually redress Petitioner's claims, preliminary relief might be appropriate. But to accept Petitioner's argument that any unlawful detention warrants preliminary relief would circumvent

---

[9] [Doc. No. 3, p. 6].

the Congressionally-selected procedures set forth in the habeas statute, 28 U.S.C. § 2241. And this Court declines to take up that offer.

### B. Show Cause

Section 2243 states that a court "entertaining an application for a writ of habeas corpus shall" issue forthwith "an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (2025). The show cause order "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

The statutory time-limits of § 2243 are not, however, all-encompassing. The Supreme Court has promulgated, pursuant to 28 U.S.C. § 2072, "Rules Governing Section 2254 Cases in the United States District Courts" ("2254 Rules"). District courts may "apply any or all of these rules to a habeas corpus petition" that is not based on 28 U.S.C. § 2254. SECT 2254 Rule 1(b). Thus, this Court may apply the 2254 Rules to cases based on § 2241 as well. Rule 4 of the 2254 Rules states that courts "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." SECT 2254 Rule 4.

"The discretion accorded by Rule 4 of the 2254 Rules 'prevails' over the strict time limits of § 2243." *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001). A court may, therefore, allow a respondent time to conduct a reasonable investigation before requiring a response or holding a hearing. *See, e.g., Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. Apr. 8, 2008) (allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. Aug. 15,

2008) (same); *Romero v. Cole*, No. 1:16-CV-00148, 2016 WL 2893709 (W.D. La. Apr. 13, 2016) (same), *report and recommendation adopted*, No. 1:16-CV-00148, 2016 WL 2844013 (W.D. La. May 12, 2016).

Petitioner fails to articulate any law or reasoning behind the request of the order to show cause, merely asserting the Court should grant her request because her detention has been prolonged without an opportunity for a bond hearing and "the Board will deny jurisdiction to hear appeal of the bond denials based on unconstitutional broadening of mandatory detention."[10] Regardless of the lack of thorough briefing on the Motion, the Court finds that adhering to such a compressed schedule of § 2243 is unnecessary here. Granting a request for an immediate show cause order would circumvent the standard procedures the Court uses to manage its docket and would not allow for deliberate consideration of the merits. Therefore, the Court declines to issue the requested order.

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3], and Motion for the Issuance of an Order to Show Cause [Doc. No. 2] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Habeas Petition [Doc. No. 6] is referred to the Magistrate Judge.

MONROE, LOUISIANA, this 5th day of February 2026.

---

[10] [Doc. No. 2, p. 1].

                                                    _____
                                                        TERRY A. DOUGHTY
                                                   UNITED STATES DISTRICT JUDGE